UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSE RAMON CRUZ-GAMEZ,<br>Defendant. | Case No. 19-mj-70537-MAG-1 (JSC)<br><br>**DETENTION ORDER**<br>Re: Dkt. No. 7 |

On April 12, 2019, defendant Jose Ramon Cruz-Gamez (Martinez) was charged by Complaint with possession with intent to distribute controlled substances. Defendant made his initial appearance in the Northern District of California on April 17, 2019 and a bail study was ordered.

This matter came before the Court on April 19, 2019, for a detention hearing. Defendant was present and represented by Chief Assistant Federal Public Defender Geoffrey Hansen. Assistant United States Attorney Patrick O'Brien appeared for the government. A United States Pretrial Services Agency Officer was also present at the hearing. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention. Pretrial Services recommended detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by preponderance of the evidence that Defendant is a risk of nonappearance that cannot be mitigated. Accordingly, the Court orders Defendant detained pending trial.

This Order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

    (1) the nature and seriousness of the offense charged;

    (2) the weight of the evidence against the person;

    (3) the history and characteristics of the person including, among other considerations, ties to the community, employment, past conduct and criminal history, and record of court appearances; and,

    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*See* 18 U.S.C. § 3142(g).

After considering all of the facts and proffers presented at the hearing, including the information contained in the Pretrial Services report, the Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance as required. Defendant has no ties to this District and all of his family, including his minor children, live in the Honduras and he does not have legal status in the United States. He has a long criminal record including having been found to be unlawfully in the United States and, after removal, very quickly returned to the United States. He does not have any employment or other lawful means of support or any available surety. He also appeared to not be candid with the Pretrial Services Officer about his time in the United States. The Court's finding of a risk of nonappearance is made without prejudice to Defendant's right to seek review of his detention, or file a motion for reconsideration if circumstances warrant it.

Accordingly, pursuant to 18 U.S.C. § 3142, IT IS HEREBY ORDERED THAT:

1. Defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

**IT IS SO ORDERED.**

Dated: April 19, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge